UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SERGEY MKHITARYAN,<br>    Plaintiff(s),<br>v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br>    Defendant(s). | Case No. 2:20-cv-02169-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 12-13] |

    Pending before the Court are Plaintiff's motion to send orders to two addresses and motion to extend time to file an amended complaint. Docket Nos. 12-13.

    On July 21, 2021, the Court issued a screening order dismissing Plaintiff's claims, but allowing him an opportunity to amend by August 20, 2021. Docket No. 9. On August 24, 2021, the Court granted in part Plaintiff's motion to extend that deadline, resetting it for October 19, 2021. Docket No. 11. On September 16, 2021, the Court received the pending motions. Docket Nos. 12-13. These motions indicate that Plaintiff is being transferred to Lake's Crossing Center for a competency evaluation. Docket No. 12 at 1. Moreover, Plaintiff attached an order from his criminal proceedings in state court that appears to evidence that (1) a finding of incompetence has already been made and (2) Plaintiff is being transferred to Lake's Crossing in an effort to attain competence. Docket No. 12-1 at 2-4. To that end, Plaintiff represents that he is not currently competent. *See* Docket No. 12 at 1 ("Nor would [it] be right/legitimate to amend such complaint at this time due to competency" (cleaned up)).

    The record raises a substantial question as to Plaintiff's competence. "The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party

1

is competent, so that a representative may be appointed if needed." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).  In the circumstances of this case, the Court does not find it necessary to conduct a hearing as to Plaintiff's competence because it appears that (1) he has already been found incompetent in state court and (2) he will receive further care at Lakes Crossing, which will result in periodic evaluations and a written report as to whether Plaintiff has attained competence. Docket No. 12-1 at 3.  Particularly given that the existing findings and anticipated written report are informative as to Plaintiff's competence for purposes of this proceeding, *see* Fed. R. Civ. P. 17(b)(1) (capacity to sue or be sued is determined for individuals based on the law of their domicile), it would appear that a hearing on the issue would simply duplicate the efforts already underway in state court.[1]

Although a competency hearing need not be held at this time, the Court finds it appropriate to take action to protect Plaintiff's interests.  Upon a finding of incompetence, courts are empowered to appoint a guardian *ad litem* or to "issue another appropriate order." Fed. R. Civ. P. 17(c).[2]  The Ninth Circuit has identified the appointment of a lawyer as a potential remedy that is sufficient in appropriate cases to protect an incompetent litigant's interests.  *Davis*, 745 F.3d at 1311 (citing *Krain*, 880 F.2d at 1121).  The Court declines at this juncture to appoint a guardian *ad litem*, particularly considering that Plaintiff's interests in the state court proceedings are being protected by his counsel (Dominic Gentile and Paola Armeni) and that the state court has determined that there is a "substantial probability that [Plaintiff] will attain competency to stand trial in the foreseeable future." Docket No. 12-1 at 2.  The Court will instead refer this case to the Pro Bono Pilot Program to determine whether Mr. Gentile and/or Ms. Armeni will represent Plaintiff in this case.  In the event that Mr. Gentile and/or Ms. Armeni agree to represent Plaintiff in this case, the Court will seek therefrom a status report as to Plaintiff's progress.  *Cf. id.* at 3 (state court order that competence report will be provided to, *inter alia*, Mr. Gentile).  The Court will also extend the deadline by which Plaintiff must file an amended complaint by 90 days.

---

[1] The Court may hold such a hearing in the future as circumstances warrant.

[2] The Court is mindful that an indefinite stay until Plaintiff attains competence is not an appropriate order. *Davis v. Walker*, 745 F.3d 1303, at 1310-11 (9th Cir. 2014).

Accordingly, the Court hereby **ORDERS** as follows:

- Plaintiff's motion to send orders to two addresses (Docket No. 12) is **GRANTED**. The Clerk's Office is **INSTRUCTED** to update the docket to reflect the additional Lake's Crossing address that Plaintiff has identified. *See* Docket No. 12 at 2 (providing address).[3] The Clerk's Office is further **INSTRUCTED** that Court orders must be sent to Plaintiff at both his currently-identified address and at the newly-added Lake's Crossing address.

- Plaintiff's motion to extend the time to file an amended complaint (Docket No. 13) is **GRANTED**. The deadline to file an amended complaint is **EXTENDED** to January 19, 2022.

- This matter is **REFERRED** to the Pro Bono Pilot Program specifically as to whether Mr. Gentile and/or Ms. Armeni agree to represent Plaintiff in this case. If neither has entered a notice of appearance in this case by November 1, 2021, then additional inquiries may be made with respect to other potential pro bono attorneys. The Clerk's Office is **INSTRUCTED** to provide notice of this order to the Court's pro bono liaison, as well as to email notice to Mr. Gentile (dgentile@clarkhill.com) and Ms. Armeni (parmeni@clarkhill.com).[4]

IT IS SO ORDERED.

Dated: September 30, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Plaintiff references a potential that he may be transported to a different mental health facility and that the Court should "double check" where he has been taken. *See* Docket No. 12 at 2. Plaintiff has shown himself capable of updating his address with the Court, Docket Nos. 7, 12, and the Court has no reason to believe that he cannot continue to do so. Accordingly, Plaintiff must file a notice of change of address to the extent he is transferred to a location other than Lake's Crossing. *See* Local Rule IA 3-1.

[4] To be clear, this order does not prevent Plaintiff, any attorney appearing on his behalf, or any other party from seeking any appropriate relief on this issue, including requesting appointment of a guardian *ad litem* or seeking a further extension of the deadline to file an amended complaint.

3